| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| | United States District Court, Northern District of Illinois | | | |
| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 03 C 3771 | | DATE | 6/30/2004 |
| CASE TITLE | Gray vs. Potter | | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the defendant's motion to dismiss plaintiff's complaint is granted. All pending dates and motions are hereby stricken as moot Terminating case. Enter Memorandum Opinion.

☒ Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

MW6  courtroom deputy's initials

JUL - 1 2004
docketing deputy initials

IS
date mailed notice

24

2004 JUN 30 PM 6:31
Date/time received in Central Clerk's Office
mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER L. GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 03 C 3771 | |
| | ) | |
| JOHN E. POTTER, Postmaster, | ) | |
| | ) | |
| Defendants. | ) | |

JUL - 1 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Postmaster General of the United States Postal Service John E. Potter's ("Potter") motion to dismiss Plaintiff Jennifer L. Gray's ("Gray") complaint. For the reasons stated below, we grant Potter's motion to dismiss Gray's complaint.

## BACKGROUND

Gray has been employed as a transitional employee at the United States Postal Service ("Postal Service"). A transitional employee is a non-career employee who can work up to 359 calendar days at a time for the Postal Service. On December 5, 1997, Gray began her latest transitional employee appointment with the Postal

1

Service. Gray alleges that during this latest transitional employee appointment she was disabled from a shoulder injury which she had suffered during a previous transitional employee appointment with the Postal Service. Specifically, Gray maintains that the shoulder injury left her disabled and resulted in her being hospitalized for surgery and emotional distress throughout her latest appointment. On November 29, 1998, Gray's transitional employee appointment with the Postal Service expired and she was terminated.

Subsequent to Gray being terminated as a transitional employee, she underwent two additional surgeries for her shoulder injury. Even though Gray's employment with the Postal Service was for a temporary period which ended on November 29, 1998, Gray argues that she first learned of the termination of her employment in October of 2001. Gray states that after she learned she was terminated, she visited the Postal Service in November of 2001 and January of 2002, and requested reinstatement. Gray maintains that both of these visits to the Postal Service did not result in her being reinstated as a transitional employee.

On June 20, 2002, Gray contacted an EEO employment counselor ("EEO Counselor") for the first time and filed an informal complaint of discrimination with the Postal Service. Gray and the Postal Service participated in mediation to attempt to resolve the informal complaint but the mediation was unsuccessful. On July 23, 2002, Gray filed a formal complaint of discrimination with the Postal Service. On May 19, 2003, the Postal Service issued a Final Agency Decision dismissing Gray's

formal complaint for having failed to timely initiate contact with an EEO Counselor within 45 days of the alleged discriminatory action.

On June 4, 2003, Gray filed a complaint before this court alleging that the Postal Service discriminated against her in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 by terminating her employment and not reinstating her at the Postal Service. Gray requests that the Postal Service waive the requirement that she take a postal examination, place her in a permanent limited duty job in an upper level of the Postal Service, and to reinstate her for back pay and wages due to her termination. In addition, Gray seeks putative damages in the amount of $5 billion dollars.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-

3

46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998);*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir.2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. Complaints written by *pro se* plaintiffs are to be liberally construed. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

## DISCUSSION

Prior to filing a complaint against the Postal Service for employment discrimination, an individual must first "initiate contact with a Postal Service employment counselor within 45 days of the alleged discriminatory action." *See Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995)(citing 29 C.F.R. § 1614.105(a)(1)). The 45 day deadline is interpreted as a statute of limitations, but may be extended where an individual can show:

> "...that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond

4

> his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the commission."

*See id.*(citing 29 CFR § 1614.105(a)(2)).

In this case, Gray maintains that she was discriminated against because of her disability when the Postal Service terminated her employment as a transitional employee and refused to reinstate her. Gray admits that her actual termination as a transitional employee was on November 29, 1998. Pl.'s Resp. p. 2. Gray's complaint and documents attached to the complaint reveal that she first initiated contact with an EEO Counselor on June 20, 2002, almost four years after termination and well after the 45 day deadline set forth under 29 CFR § 1614.105(a)(1). *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)(citing Fed.R.Civ.P. 10(c); *Beanstalk Group, Inc. v. AM General Corp*, 283 F.3d 856, 858 (7th Cir. 2002)(finding that a document attached to a complaint became part of the complaint for all purposes "so the judge could consider it in deciding the motion to dismiss without having to convert the motion to one for summary judgment.")

With regard to her failure to initiate contact with an EEO Counselor, Gray does not argue or contest that she was unaware of the 45 day deadline set forth in 29 C.F.R. § 1614.105(a)(1). On the contrary, Gray has attached documents to her complaint which reveal that Gray had been cognizant of the 45 day deadline inasmuch as she had participated in the counseling process in the past. Gray argues that she did not timely contact the EEO Counselor because she was not informed of her termination for three years. Since Gray is proceeding *pro se*, even if this court

construed her argument liberally and gave her the benefit of the doubt that she did not know that her employment was terminated on November 29, 1998, the record clearly reflects by Gray's own admission that she became aware of her termination in October of 2001. However, it is undisputed that Gray failed to contact the EEO Counselor until June 20, 2002 - almost eight months later and well after the 45 day deadline provided under 29 CFR § 1614.105(a)(1). Even assuming that the Postal Service's failure to reinstate Gray in January of 2002 could be considered as the basis for discrimination, it is undisputed that Gray failed to contact the EEO Counselor until June 20, 2002 - almost six months later and well after the 45 day deadline provided under 29 CFR § 1614.105(a)(1). Therefore, the explanation by Gray that she did not timely contact the EEO Counselor until June 20, 2002 because she did not know she was terminated is without merit.

The evidence in this case reflects that Gray's transitional employee appointment was for a period not to exceed 359 days and that Gray was aware of the fact that her employment would expire on November 29, 1998. (Pl.'s Mem. p.1) Gray has not provided sufficient reasons for an extension of the 45 day deadline. Therefore, we find that none of the exceptions that would extend the 45 day deadline as proscribed in 29 CFR § 1614.105(a)(2) are applicable in this case.

## CONCLUSION

Based on the foregoing, we grant Potter's motion to dismiss Gray's complaint.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 30, 2004